# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LORI BACA, | \* |
| | \*    No. 13-648V |
|         Petitioner, | \*    Special Master Christian J. Moran |
| | \* |
| v. | \*    Filed: August 11, 2014 |
| | \* |
| SECRETARY OF HEALTH | \*    Stipulation; Tetanus-Diphtheria- |
| AND HUMAN SERVICES, | \*    acellular Pertussis ("Tdap") vaccine, |
| | \*    shoulder injury ("SIRVA"); attorneys' |
|         Respondent. | \*    fees and costs. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Randall Knutson, Farrish Johnson Law Office, Mankato, MN, for Petitioner;
Julia McInerny, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On August 4, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by Lori Baca on September 6, 2013. In her petition, Ms. Baca alleged that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which she received on September 15, 2010, caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). This includes but is not limited to, petitioner's adhesive capsulitis or "frozen shoulder." Petitioner further alleges that she experienced the residual effects of her injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

The parties agreed that petitioner suffered a shoulder injury to vaccine administration ("SIRVA") from the administration of the Tdap vaccine. Likewise, the parties agreed that there is not a preponderance of evidence demonstrating that

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

petitioner's condition is due to a factor unrelated to her September 15, 2010 Tdap vaccination. The other elements of eligibility for compensation have also been established. <u>See</u> 42 U.S.C. § 300aa—11(c), 13. Consequently, the stipulation states "petitioner is entitled to compensation."

The parties have also agreed upon the amount of compensation to which the petitioner is entitled. The parties presented the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees and costs, on the terms set forth therein.

Compensation awarded in that stipulation includes:

**A. A lump sum of $77,422.69 in the form of a check payable to Lori Baca, petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

**B. A lump sum of $11,718.46 in the form of a check payable to petitioner and petitioner's attorney, Randall Knutson, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-648V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Marc Langston, at (202) 357-6392.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

)
LORI BACA,                               )     No. 13-648V
                                         )     ECF
         Petitioner,                     )     Special Master Moran
                                         )
    v.                                   )
                                         )
SECRETARY OF HEALTH AND                  )
HUMAN SERVICES,                          )
                                         )
         Respondent.                     )
                                         )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Lori Baca ("petitioner") filed a petition for vaccine compensation under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").

Petitioner seeks compensation for injuries allegedly related to her receipt of a tetanus-diphtheria-

acellular-pertussis ("Tdap") vaccine, which is contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the Tdap vaccination on September 15, 2010.

3. The vaccine was administered within the United States.

4. Petitioner suffered a shoulder injury related to vaccine administration ("SIRVA").

This includes but is not limited to, petitioner's adhesive capsulitis or "frozen shoulder."

5. Petitioner experienced the residual effects of her injury for more than six months.

6. There is not a preponderance of evidence demonstrating that petitioner's condition is

due to a factor unrelated to vaccination.

7. Petitioner represents that there has been no prior award or settlement of a civil action

for damages as a result of her condition.

8. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for her SIRVA. Therefore, a decision should be entered awarding the compensation described in paragraph 9 of this stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

 a. A lump sum of $77,422.69 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

 b. A lump sum of $11,718.46 in the form of a check payable to petitioner and petitioner's attorney, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

2

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraph 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on September 15, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about September 6, 2013, in the United States Court of Federal Claims as petition No. 13-648V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act

3

or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

4

Respectfully submitted,

**PETITIONER:**

LORI BACA

**ATTORNEY OF RECORD FOR PETITIONER:**

RANDALL KNUTSON, ESQ.
FARRISH JOHNSON LAW OFFICE
1907 Excel Drive
Mankato, MN 56001
(507) 625-2525

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 8|4|14

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

Julia W. McInerny
by Alexis Babcock

JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

5